09-4173-ag
He v. Holder

BIA
A073 188 637

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of July, two thousand ten.

PRESENT:
>          JOSÉ A. CABRANES,
>          DEBRA ANN LIVINGSTON,
>          DENNY CHIN,
>                   *Circuit Judges*.

────────────────────────────────────────

LI HU HE,
>          *Petitioner*,

          v.                              09-4173-ag

                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>          *Respondent*.

────────────────────────────────────────

FOR PETITIONER:            Peter D. Lobel, New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney
                           General; Linda Wernery, Assistant
                           Director; Thankful T. Vanderstar,
                           Attorney, Office of Immigration
                           Litigation, United States Department
                           of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Li Hu He, a native and citizen of the People's Republic of China, seeks review of a September 10, 2009, order of the BIA denying his motion to reopen. *In re Li Hu He*, No. A073 188 637 (B.I.A. Sept. 10, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of He's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). He's motion was indisputably untimely, as it was filed more than six years after the BIA issued a final order in the case. Nonetheless, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that He failed to demonstrate a material change in country conditions with respect to the Chinese government's treatment of unregistered house church members. At his 2001 hearing, He submitted the 1998 State Department Profile of Asylum Claims for China. The Profile stated that "[u]nregistered religious activity is illegal and is a punishable offense." It also reported "expectations of continued or increased repression of unofficial Christian groups." With his motion to reopen, He submitted the 2007 International Religious Freedom Report for China, which stated that "respect for freedom of religion *remained* poor." The 2007 Report also noted that while "some local authorities continued to harass religious groups that did not register," in other areas, "supervision . . . was less stringent and registered and unregistered churches coexisted openly," and that "[a]s in past years, local authorities took steps to repress unregistered religious groups." In addition, the newspaper articles He submitted showed instances of repression of particular groups of house church members, but did not establish that the Chinese government's treatment of Christians has materially changed since his

3

prior hearing, with one article specifically noting that "repression against unofficial church groups varies by region." Therefore, even assuming that some of He's evidence indicated an increase in persecution of Christians, the BIA's decision was not an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008) ("we do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight afforded to the evidence lies largely within the agency's discretion). Furthermore, contrary to He's argument, the BIA's failure to provide a "reasoned analysis" of the evidence in the record was also not an abuse of discretion. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," and may consider evidence of changed country conditions "in summary fashion without a reviewing court presuming that it has abused its discretion" (internal quotations omitted)); *see also Xiao Ji Chen*, 471 F.3d at 338

4

n.17 ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.").[1]

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1]    We note also that He's original claim of persecution was denied, in part, because the immigration judge (the "IJ") found that He's testimony in this respect was not credible.  The IJ's credibility determination was well-reasoned and supported by specific findings and references to the record.